IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KELLER NORTH AMERICA, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **JORDAN MOI,** ) | **JURY DEMAND** |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Keller North America, Inc. ("Keller"), by and through counsel, for its Verified Complaint for Injunctive Relief and Damages against Defendant, Jordan Moi ("Moi"), states and alleges as follows:

### NATURE OF THIS ACTION

1. Keller is a geotechnical specialist contractor that works with its clients to address their geotechnical challenges across the United States and worldwide. To that end, Keller maintains a team of highly trained engineers, project managers, and business developers who have a wealth of experience and provide a wide range of geotechnical techniques and optimum solutions to clients.

2. Moi was formerly employed by Keller and worked for the company for over nine years, most recently in a key business executive role based out of Nashville, Tennessee. As a result of his role with Keller, Moi had access to Keller's confidential and proprietary information relating to Keller's business plans, strategies, operations, productivity, customers, and financial

performance and projections, and he was positioned to divert other members of Keller's workforce, along with Keller's intellectual property and business relationships, away from the company.

3. Moi unexpectedly resigned from Keller and, despite being bound by a contract with Keller that included non-competition, customer non-solicitation, and employee non-solicitation provisions, Moi went to work for Keller's director competitor, Berkel & Company Contractors, Inc. ("Berkel"), in the same market area doing the same or substantially similar job for Berkel as he did for Keller.

4. Consequently, Keller brings this action to enjoin Moi from violating his contractual obligations to Keller and for other damages and relief.

## PARTIES, JURISDICTION, AND VENUE

5. Keller is a corporation organized under the laws of the state of Delaware, with its principal place of business located at 7550 Teague Road, Suite 300, Hanover, Maryland 21076, and, is therefore, a citizen of the states of Delaware and Maryland.

6. Defendant Jordan Moi is an individual residing and domiciled at 3917 Cross Creek Road, Nashville, Tennessee 37215.

7. This Court has personal jurisdiction over Moi because Moi resides within this District, and he violated the terms of his contract with Keller in this District. Moi is further subject to personal jurisdiction because the contract which is the subject of this litigation was entered into in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to these causes of action occurred in the Middle District of Tennessee and Moi resides within that District.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## FACTUAL BACKGROUND

### KELLER'S BUSINESS OPERATIONS

10. Keller is a geotechnical specialist contractor that provides solutions to geotechnical challenges throughout the construction industry, including across commercial, institutional, mining, infrastructure, and other markets.

11. Among other areas, Keller operates in the deep foundation construction, earth retention, and ground improvement spaces providing its design-build services, products, and solutions to customers across the country and worldwide.

12. Keller's deep foundation services, which are required whenever weak soils have little capacity to resist an existing load or a change in an existing load and involve the construction of structural elements to transfer loads down to stronger underlying soils or rock, include (among other techniques) auger cast piles, bored piles/drilled shafts, driven cast in-situ piles, driven precast piles, screw piles, macropiles, and micropiles.

13. Keller's earth retention services, which are used to retain earth successfully so that it does not move or shift to any unwanted directions, include (among other techniques) anchors, contiguous pile walls, micropile slide stabilization systems, secant pile walls, and sheet piles.

14. Keller also provides ground improvement services, which can increase the load bearing capacity of the ground, reduce settlement, and improve the engineering properties of existing soils through, among other techniques, rigid inclusions, compaction grouting, pressure grouting, and deep soil mixing.

15. Among other locations, Keller has operations in Tennessee.

## Moi's Employment with Keller

16. In or around June 2013, Keller Foundations, Ltd. acquired North American Construction Group.

17. Jordan Moi was hired by Keller Foundations, Ltd., a Keller Company, on or about June 24, 2013, in connection with its acquisition of North American Construction Group, as Project Manager II.

18. During his tenure with Keller, Moi held various positions with Keller.

19. On or about December 7, 2016, as a term and condition of his employment and in consideration of the provision of Confidential Information to him and the Company's investment of time, effort, and money in building relationships with customers, referral sources, and suppliers, Moi entered into an Agreement with Keller (the "Employment Agreement"). A true and accurate copy of the Employment Agreement is attached hereto and incorporated herein as **Exhibit 1**.

20. The Employment Agreement contains a non-competition covenant, providing, in relevant part, that for a one-year period after his separation from Keller:

> You will refrain from employment on behalf any company that is involved in the provision of services equivalent or similar to *Geotechnical Construction* using *including Vibro Replacement, Vibro Compaction, Aggregate Piers, Soil Mixing, Micropiles, Soil Nail or Anchors techniques* within the State of Tennessee. . . .

Ex. 1, Employment Agreement, p. 2, ¶ A.b.

21. The Employment Agreement also contains restrictions on confidentiality, non-solicitation of customers, and non-solicitation of employees, among other provisions. Ex. 1, Employment Agreement, p. 2-3, ¶¶ A.a and C.

22. On December 21, 2020, in connection with his promotion to Senior Project Manager, Moi reaffirmed the non-solicitation, non-competition, and confidentiality obligations set

forth in the Employment Agreement. A true and accurate copy of Moi's Promotion Agreement is attached hereto and incorporated herein as **Exhibit 2**.

23. Moi was promoted into progressively higher positions with Keller, ultimately being named as a Project Executive based out of Nashville, Tennessee.

24. During his employment with Keller, Moi had responsibility for, among other things, developing client relationships; managing strategy for closing proposals, analyzing risks, and setting pricing; developing sales strategies; ensuring project teams are fulfilling their responsibilities for project management through initial planning, risk management, project execution, change management, and financial management; and developing and driving strategy for successful project execution and maximizing profitability; monitoring and managing weekly and monthly project financial reports, forecasts, budgets, and other metrics; and building and leading project-based teams.

## COMPETING COMPANY BERKEL'S BUSINESS OPERATIONS

25. Berkel is a specialty geotechnical contractor in the deep foundation construction, earth retention, and ground improvement arenas that provides specialized foundation and construction services to its clients across the country and in the Caribbean.

26. The company touts itself as being "one of the largest piling contractors in the U.S." and as "the most experienced designer and installer of single-pass, cast-in-place foundation systems in the U.S."

27. According to Berkel's website, the company provides deep foundation work, including auger pressure grouted piles, infinity group piles, drilled displacement/screw piles, limited/remote access, micropiles, energy piles, drilled shafts, driven piles, and rock anchors/tie-downs.

28. Berkel also provides sheeting and shoring, including sheet piles, soldier piles, tie-backs, underpinning, bracing, secant and tangent walls, soil nails, and façade retention, as well as ground improvement work, such as rigid inclusions, compaction grouting, pressure grouting, and deep soil mixing.

29. Berkel provides services similar to geotechnical construction using vibro replacement, vibro compaction, aggregate piers, soil mixing, micropiles, soil nail or anchors techniques.

30. Berkel's engineering group, which includes structural and geotechnical engineers, offers design assistance, as well as full designs on the company's products and services.

31. Berkel operates and/or maintains projects in many locations, including in Tennessee.

32. Berkel provides services equivalent or similar to those that Keller provides and is a direct competitor of Keller.

**MOI'S RESIGNATION AND POST-RESIGNATION ACTIVITIES**

33. On or about September 23, 2024, Jordan Moi resigned – without providing any notice -- his position with Keller and accepted a position with Berkel.

34. Moi works for Berkel in Tennessee.

35. On or about October 9, 2024, after learning that Moi accepted a position with Berkel, counsel for Keller sent a letter to Moi reminding Moi of his post-employment contractual obligations to Keller, advising him that he was in direct violation of those obligations through his employment with Berkel, and demanding that he immediately cease these violations. A true and correct copy of the Moi cease-and-desist letter is attached hereto as **Exhibit 3**.

36. Keller received no response to the October 9 letter.

## COUNT ONE: BREACH OF CONTRACT

37. Keller repeats and incorporates by reference each of the allegations set forth in the prior paragraphs as if fully set forth herein.

38. The Employment Agreement is a valid and enforceable contract.

39. The Promotion Agreement is a valid and enforceable contract.

40. Moi received adequate consideration for the Employment Agreement and the Promotion Agreement, as well as for the restrictive covenants contained therein, including a promotion, his continued employment with Keller, the provision of Confidential Information to him, and the Company's investment of time, effort, and money in building relationships with customers, referral sources, and suppliers.

41. Keller has fully performed its obligations under the Employment Agreement and Promotion Agreement.

42. By accepting employment with and working for Berkel in the state of Tennessee less than one year after his employment with Keller ended, Moi has breached the Employment Agreement and Promotion Agreement.

43. As a direct and proximate result of Moi's actions in breach of the Employment Agreement and Promotion Agreement, Keller has and will sustain damages.

44. Although the full extent of Moi's actions and the damages caused thereby are presently unknown and irreparable, Moi's breach of the Employment Agreement and Promotion Agreement has caused and will continue to cause damages to Keller, including without limitation: loss of employees, jeopardy to and/or loss of Keller's existing and future business relationships and contacts with its customers, loss of customer confidence, loss of goodwill, loss of confidential business information, loss of referral sources, damage to or loss of Keller's reputation, and loss of

competitive advantage, all of which exceeds the monetary value of $75,000, exclusive of interest and costs.

45. Keller is therefore entitled to a judgment against Moi awarding damages in an amount to be determined at trial; granting a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Moi from competing against Keller in violation of his Agreement for a period of one year from the date on which injunctive relief is first entered; and awarding such further relief as the Court deems just and proper.

## **REQUEST FOR RELIEF**

WHEREFORE, Keller demands and prays for relief against Jordan Moi as follows:

(a) temporary, preliminary, and permanent injunctive relief providing:

    (i) for a period of one year following the date injunctive relief is first granted, Defendant shall be enjoined from working for Berkel in violation of his Agreement;

    (ii) for a period of one year following the date injunctive relief is first granted, Defendant shall be prohibited from contacting, soliciting any of the current or former customers of the Company;

    (iii) for a period of one year following the date injunctive relief is first granted, Defendant shall be prohibited from soliciting any of the employees of the Company, who at the time of separation from service are employees of the Company, or who served in such capacity within the six-month period prior to his separation from service; and

    (iv) Defendant shall be prohibited from directly or indirectly making use of confidential, proprietary, trade secret information belonging to Keller.

(b) that Keller be relieved of any obligation to post an injunction bond;

(c) actual, compensatory, and punitive damages in an amount to be proven at trial;

(d) an award of reasonable attorneys' fees and costs incurred in this action;

(e) pre- and post-judgment interest at the maximum rate permitted by law; and

(f) such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury as to all claims asserted herein.


Respectfully submitted on this, the 24th day of October, 2024.

*/s/ Joseph P. Shelton*
Joseph P. Shelton (TN Bar No. 037426)
**FISHER & PHILLIPS LLP**
424 Church Street, Suite 1700
Nashville, TN 37219
Telephone: (615) 488-2900
Facsimile: (615) 488-2928
Email: jshelton@fisherphillips.com

*Counsel for Plaintiff*

# VERIFICATION

I declare and verify under penalty of perjury under the laws of the United States of America and the State of MO that the foregoing is true and correct.

Executed on: 10/23/24

By: Curtis Cook

Title: Executive Vice President